IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DARON E. GOODS,

    Plaintiff,

       v.                     CIVIL NO.: WDQ-10-2293

HOUSING AUTHORITY OF
BALTIMORE CITY,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Daron Goods brought a garnishment proceeding against the Housing Authority of Baltimore City ("HABC") in state court. For the following reasons, the United States Department of Housing and Urban Development's ("HUD's") motion to intervene will be granted, and its motion to quash will be granted in part, and denied in part. Goods's motion to remand will be denied.

I.   Background[1]

In 2008, Goods sued HABC for lead paint injuries. Notice of Removal ¶ 1. In February 2010, the Circuit Court for Baltimore City entered a $200,000 consent judgment against HABC. *Id.* On July 21, 2010, the Clerk of the Court issued a writ of garnishment on HABC's accounts at Bank of America and BB&T Bank. *Id.*, Ex. B.; ECF No. 12, Exs. B & C. Goods states that the Clerk

---

[1] The facts are not in dispute.

of Court also issued a writ of execution and levy upon HABC's personal property.[2]

On August 20, 2010, HUD removed the case to this Court and moved to intervene and quash the Bank of America writ. ECF Nos. 1-3. On September 9, 2010, Goods filed his motion to remand. ECF No. 10. On September 21, 2010, Goods moved for judgment against BB&T, and on September 22, 2010, he moved to enforce the writ of execution and levy upon HABC's personal property. ECF Nos. 12 & 15.

II. Analysis

    A. Motion to Remand

Goods seeks to remand the case to the Circuit Court. He argues that the removal was improper because this Court lacks original jurisdiction over the case. Pl.'s Mot. to Remand 6-7. HUD argues that 28 U.S.C. § 1442 (a)(1) provides a proper basis for removal. Govt's Opp'n Mot. to Remand 1.

HUD has the burden of showing that removal was proper. *Strawn v. AT&T Mobility, LLC,* 530 F.3d 293, 296 (4th Cir. 2008). "[A] party seeking to adjudicate a matter in federal court must allege, and when challenged, must demonstrate the federal court's jurisdiction over the matter." *Id.* If federal

---

[2] Goods states that "the Circuit Court for Baltimore City directed the Sheriff of Baltimore City to levy upon the personal property of HABC." Pl.'s Mot. to Enforce 2. The copy of the writ which Goods has provided is not signed and dated by the Clerk of Court. *Id.,* Ex. A.

2

jurisdiction is "doubtful," remand to state court is necessary. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (*quoting Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

The federal officer removal statute, 28 U.S.C. § 1442 (a)(1), permits removal of actions against the United States, its agencies, and its officers.[3] The statute "is broad and allows for removal when its elements are met 'regardless of whether the suit could originally have been brought in federal court.'" *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007)(*quoting Willingham v. Morgan,* 395 U.S. 402, 406 (1969)). Its "basic purpose is to protect the federal government from [state] interference with its operations." *Watson v. Phillip Morris Co.,* 551 U.S. 142, 142 (2007) (internal quotation marks omitted).

---

[3] (a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C. § 1442(a).

To show that the removal was proper under 28 U.S.C. § 1442(a)(1), HUD must demonstrate that: (1) the garnishment is a "civil action," (2) which was "commenced . . . against" it. 28 U.S.C. § 1442(a)(1).[4] A state garnishment proceeding is a "civil action," which may be removed under § 1442(a)(1), if the statute's other requirements are met.[5] Thus, § 1442(a)'s first requirement is met.

The Supreme Court has instructed courts to avoid "a narrow, grudging interpretation" of § 1442(a). *Willingham,* 395 U.S. at 407. Instead, the phrase "commenced against" should be construed with respect to the statute's purpose of protecting the federal government from state interference with its operations. *See Nationwide,* 793 F.2d at 1047. The statute should be interpreted to provide the government with federal forum when a ruling of significant "potential federal impact [is] at stake." *Id.*

A garnishment action may be "commenced against" a federal agency for § 1442(a) purposes even if the agency is not named as

---

[4] *See City of Cookeville,* 484 F.3d at 389 (The United States and its agencies may remove without regard to whether the suit is against them in "an official or individual capacity for any act under color of such office.").

[5] *See Nationwide Investors v. Miller,* 793 F.2d 1044, 1045 (9th Cir. 1986)(state garnishment proceeding to which federal officer was summoned was removable under § 1442(a)(1)); *Kordus v. Biomark Int'l, LLC,* 224 F.R.D. 590, 593 (D. Del. 2004) (allowing removal of garnishment action against United States which sought to obtain judgment debtor's property seized by government in civil forfeiture action).

4

a defendant or garnishee.  *Nationwide,* 793 F.2d at 1046.  It is enough that the federal government is "threatened with the state's coercive power."  *Id.*  A case is removable when the plaintiff seeks to garnish or attach federal funds that are held in the named defendant's bank account.[6]  Funds may be federal when they are "governed by pervasive federal legislation and regulations which specif[y] the purposes for which the funds [may] be used."  *Palmiter,* 733 F.2d at 1247.[7]

The Notice of Removal alleges that the Bank of America accounts "against which the Writ of Garnishment is pending contain federal funds distributed and controlled by HUD."  Notice

---

[6]  Federal funds held by a grantee remain the property of the federal government until they are expended in accordance with the terms of the grant. *Buchanan v. Alexander,* 45 U.S. (4 How) 20, 20-21, 11 L.Ed 857 (1846).  Although the federal government may not be a named party, a garnishment operating against those funds "threaten[s it] with the state's coercive power."  *See Nationwide,* 793 F.2d at 1046; *Palmiter v. Action, Inc.,* 733 F.2d 1244, 1245-46 (7th Cir. 1984)(United States was "the real party in interest" in garnishment proceeding to secure tort judgment against non-profit organization because garnishment was directed at federal Head Start funds in organization's account).  Federal funds "are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by State process . . . the functions of the government may be suspended."  *Buchanan,* 45 U.S. 20-21.

[7]  *See also United States Dep't of Housing and Urban Dev. v. K. Capolino Const. Corp.,* 2001 WL 487436, at *4. (S.D.N.Y. May 7, 2010)(to determine whether dispensed funds remain federal, courts may consider "whether the funds were dispensed according to conditions, whether the United States retains a reversionary interest in the funds, and whether the United States employs accountability procedures to ensure that the grants are . . . spent as directed.").

5

of Removal ¶ 2.  HUD has produced a June 28, 2010 letter from H. Rainbow Lin, HABC's chief financial officer, stating that "all of the HABC accounts at [Bank of America] . . . except for the Discretionary Income Funds Checking . . . and the Expert Pay MD Child Support . . . contain Federal funds."  Govt's Mot. to Quash, Ex. J at 1.  HUD has also shown that the federal funds held in the Bank of America accounts are subject to "pervasive" regulation and supervision,[8] and HUD has a reversionary interest in some of the funds.[9]

Although the HUD funds may be in HABC's bank accounts, they remain federal.  The writ of garnishment, operating against those funds is a civil action "commenced against" HUD for § 1442 purposes.  The requirements of § 1442(a) are met, and original

---

[8] *Palmiter,* 733 F.2d at 1247.  HABC receives HUD funding under Section 9 of the United States Housing Act of 1937, which defines the purpose of the funds as carrying out "capital and management activities" and "operation and management of public housing."  42 U.S.C. § 1437g (d)-(e).  Applicable regulations govern how HABC may handle the funds and require that it "submit an acceptable audit" of the funds.  24 C.F.R. § 990.320.

[9] "Any obligation entered into by a [public housing authority] is subject to HUD's right to recapture the obligated amounts for violation by the [public housing authority] of the requirements of this section."  24 C.F.R. § 905.120 (e).  The annual contributions contracts ("ACCs"), under which HUD distributes the funds to the HABC, further restrict HABC's use of the funds and require that HABC "develop and operate each project solely for the purpose of proving decent, safe, and sanitary housing for eligible families."  Govt's Mot. to Quash, Ex. D. at § 4.  If the funds are not spent as directed, HUD may require HABC to "convey to [it] title to the project(s)" or "deliver possession and control of the project(s)."  *Id.*, Ex. D. at § 17.

6

jurisdiction is not required for this Court to hear the case. *Willingham,* 395 U.S. at 406 (the statue allows removal "regardless of whether the suit could originally have been brought in federal court"). Goods's motion to remand will be denied.[10]

B. HUD's Motion to Quash the Bank of America Writ

HUD argues that the Bank of America writ of garnishment should be quashed because federal funds may not be used to satisfy Goods's judgment. Govt's Mot. to Quash Mem. 3-5.

Absent consent of the federal government, sovereign immunity prevents a judgment creditor from garnishing or attaching federal funds. *See Buchanan,* 45 U.S. at 20-21; *Capolino,* 2001 WL 487436 at *4. The judgment creditor bears the burden of proving that the funds sought are not federal or have been finally expended for their statutory purpose. *Palmiter,* 733 F.2d at 1248; *Cf. Flatow v. Islamic Republic of Iran*, 67 F. Supp. 2d 535, 540 (D. Md. 1999). Otherwise, unless the creditor identifies some waiver of immunity, the writ should be quashed.

---

[10] HUD's motion to intervene will be granted. The United States may properly intervene when it has a property interest in funds at stake in the litigation. *See Henry v. First Nat'l Bank,* 595 F.2d 291, 307 (5th Cir. 1979) (district court properly granted government's motion to intervene when government "claim[ed] that its property interest in all funds granted to [the defendant] could not be subjected to judicial process in the . . . state courts").

*See FDIC v. Meyer,* 510 U.S. 471, 475 (1994); *Palmiter,* 733 F.2d at 1250.

Goods appears to concede that he may not garnish funds held in all but the Discretionary Income Funds Checking and the Expert Pay MD Child Support accounts. Pl.'s Opp'n Mot. Quash, Mem. Opp. 3-4. However, he argues that HUD may not quash the writ against those two accounts because it has shown no interest in them. *Id.*

"A garnishment can only reach funds or property that belong to the judgment debtor and are held by the garnishee." *Carpenters' Pension Fund. V. Tao Const. Co., Inc.,* 2010 WL 3733949, at *1 (D. Md. Sept. 20, 2010)(*citing Shanks v. Lowe,* 364 Md. 538, 543 (2001)). A third-party actually owning the funds that are subject to garnishment may move to quash the writ. *See id.* As Goods argues, HUD has not asserted or shown any federal interest in the Discretionary Income Funds Checking or Expert Pay MD Child Support accounts, and HUD's own evidence states that those accounts do not contain federal funds.[11] HUD has shown no basis for quashing the writ against those accounts; its motion to quash will be granted in part, and denied in part.

---

[11] *See* Govt's Mot. to Quash, Ex. J at 1 ("All of the accounts, except for the Discretionary Income Funds Checking (account ending 8354) and the Expert Pay MD Child Support (account ending 2757), contain federal funds.").

C.   Goods's Motions to Enforce and for Judgment

Goods has moved to enforce the writ of execution and levy upon HABC's personal property and for judgment against BB&T. ECF Nos. 12 & 15.  HABC has opposed these motions because (1) its personal property was purchased with federal funds and cannot be sold to satisfy Goods's judgment without HUD's consent, and (2) the funds held in its BB&T account may be federal.  Def.'s Opp'n Mot. to Enforce 1; Def.'s Opp'n Mot. for Judgment 2.  HUD has not responded to Goods's motions.[12]

"In addition to granting independent jurisdiction over state-court cases involving federal officers [or agencies], a § 1442 (a)(1) removal to federal court creates ancillary jurisdiction over the non-federal elements of the controversy." *Nikas v. Quinlan,* 29 F.3d 619, 619 n. 1 (1st Cir. 1994). "[T]hrough its creation of an ancillary jurisdiction, [§ 1442 (a) (1)] confers discretion on the district court to decline to exercise continued jurisdiction over [all removed] claims," once the claim commenced against the federal officer or agency has been resolved.  *IMFC Prof'l Serv. V. Latin Am. Home Health, Inc.,* 676 F.2d 152, 160 (5th Cir. 1982).

As discussed above, HUD's motion to quash the Bank of America writ of garnishment will be granted in part, and denied

---

[12]   HUD has also not responded to Goods's motion to enforce judgment against Bank of America.  ECF No. 14.

9

in part.  HUD has not asserted that any of Goods's other enforcement actions are commenced against it for § 1442(a) purposes.  HUD should file any opposition to Goods's pending motions within 30 days, or the writ against HABC's personal property and funds held by BB&T will be remanded to the Circuit Court for Baltimore City.[13]

III. Conclusion

For the reasons stated above, HUD's motion to intervene will be granted.  Its motion to quash the Bank of America writ of garnishment will be granted in part, and denied in part.  Goods's motion to remand will be denied, and HUD will be directed to file any opposition to Goods's other motions within 30 days.

March 2, 2011                                         _____/s/_____
Date                                                       William D. Quarles, Jr.
                                                             United States District Judge

---

[13] *See IMFC,* 676 F.2d at 160 ("Once . . . discretion to decline jurisdiction is exercised, the proper procedure is to remand the case under § 1447 (c), for at this point the case becomes one 'removed improvidently and without jurisdiction.'").