IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| DARON E. GOODS | * | |
| v. | * | CIVIL NO.: WDQ-10-2293 |
| HOUSING AUTHORITY OF BALTIMORE CITY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Daron Goods sued in state court to garnish property of the Housing Authority of Baltimore City ("HABC") and others. The United States Department of Housing and Urban Development ("HUD") removed that suit to this Court. For the following reasons, Goods's motions for reconsideration and to enforce the writ of execution and levy will be denied. HUD's motion to quash the writ of execution and levy will be granted, and the writ of garnishment against Branch Banking & Trust Company ("BB&T Bank") will be remanded to the Circuit Court for Baltimore City.

I. Background

In 2008, Goods sued HABC for lead paint injuries. Notice of Removal ¶ 1. In February 2010, the Circuit Court for Baltimore City entered a $200,000 consent judgment against HABC, and on July 21, 2010, the Clerk of the Court issued writs of garnishment on HABC's accounts at Bank of America and BB&T Bank,

*Id.*, Ex. B; ECF No. 12, Exs. B & C. The Clerk of Court also issued a writ of execution against HABC's personal property. ECF No. 35, Ex. 3.

HUD removed the Bank of America writ to this Court on August 20, 2010, and filed a motion to intervene and quash that writ. ECF Nos. 1-3. Goods moved to remand the case and for judgment against Bank of America and BB&T. ECF No. 10, 12. He also moved to enforce the writ of execution and levy upon HABC's personal property. ECF No. 15.

On March 2, 2011, this Court granted HUD's motion to intervene and denied Goods's motion to remand. ECF No. 39. The Court also quashed the Bank of America writ on all HABC Bank of America accounts containing federal funds. *Id.*[1] The Court ordered HUD to file its opposition to the writ of garnishment against BB&T Bank, or the writ of execution within 30 days, as it was unclear whether the Court should decline to exercise its supplemental jurisdiction over those writs. *See* ECF No. 38 at 10; ECF No. 39.

On March 8, 2011, Goods moved for reconsideration of the denial of the motion to remand and the order quashing the Bank of America writ. ECF No. 43. That same day, Goods filed his

---

[1] The Court held that this excluded only HABC's Expert Pay MD Child Support account and Discretionary Income Fund account. On March 25, 2011, HABC informed the Court that it has determined that these accounts also contain federal funds. ECF No. 46.

2

second motion for judgment against Bank of America. ECF No. 43.[2] On April 1, 2011, HUD informed the Court that it had no interest in HABC's BB&T Bank accounts, and on April 15, 2011, HUD filed a motion to quash the writ of execution against HABC's personal property. ECF Nos. 50, 52.

II. Analysis

    A.    Motion for Reconsideration

        1.    Standard of Review

Motions for reconsideration of an interlocutory order are governed by Fed. R. Civ. P. 54(b), under which "any order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration of interlocutory orders "are not subject to the strict standards applicable to motions for reconsideration of a final judgment," *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003), but when deciding whether to grant relief under Rule 54(b), a court may consider the reasons for amending a final judgment under Rule 60(b), *Blasic v. Chugach Support Servs., Inc.*, 2010 WL 3294353, at *5 (D. Md. Aug. 20, 2010). When a request for reconsideration merely asks the court

---

[2] On March 8, 2011, Goods also moved to withdraw his first motion for judgment against Bank of America. ECF No. 42. That motion, which is unopposed, will be granted.

3

to "change its mind," relief is not authorized. *Pritchard v. Wal-Mart Stores, Inc.*, 3 Fed. Appx. 52, 53 (4th Cir. 2001).

    2.   Goods's Motion

Goods argues that the motion to remand should have been granted because HUD failed to timely file state court papers after removing the case, and the motion to quash the Bank of America writ should have been denied because this Court incorrectly determined that those accounts held federal funds. ECF No. 44 at 1-5. HUD contends that reconsideration should be denied because its untimely filing of the state court papers did not prejudice Goods, and the Court correctly determined that the Bank of America funds could not be garnished. ECF No. 47 at 1.

    a.   Motion to Remand

Under Local Rule 103.5 (a), "[a]ny party effecting removal shall file with the notice true and legible copies of all process, pleadings, documents and orders which have been served upon that party" and "[w]ithin thirty (30) days thereafter the party shall file true and legible copies of all other documents then on file in the state court." Although HUD removed this case on August 20, 2010, it did not file the state court papers until March 1, 2011, well beyond the 30-day limit. *See* ECF Nos. 32-36.[3] However, the papers were filed before the Court ruled

---

[3] HUD has explained that it did not timely file the state court papers because, although it requested the papers from the

4

on the pending motions, and Goods has never argued—before or after the papers were filed—that the delay was prejudicial. Accordingly, his motion for reconsideration of the remand decision will be denied.[4]

        b.    Motion to Quash

Goods argues that the motion to quash should have been denied because the Bank of America accounts did not contain federal funds immune from garnishment. Goods continues to rely on *United States Dep't of Hous. & Urban Dev. v. K. Capolino Const. Corp.*, 2001 WL 487436 (S.D.N.Y. May 2, 2001) for the proposition that, to be insulated from garnishment, federal funds must actually be subjected to "accountability procedures." *Id.* at 4.

Goods has misstated *Capolino's* holding. *Capolino* did not hold that disbursed federal funds *must* be subject to accountability procedures to avoid garnishment, but that such procedures are one factor courts may consider in determining whether funds disbursed to a grantee remain federal. *See* 2001 WL 487436 at *4. *Capolino* does not support Goods's motion for reconsideration, and as explained in the Court's March 2, 2011

---

Circuit Court on August 23, 2010, it "did not receive the requested documents until February 17, 2011." ECF No. 47 at 2

[4] *See Chamberlin v. Carter*, 835 F. Supp. 869, 871 n.3 (D. Md. 1993)(removing party's "failure . . . to file [state court papers] within the 30-day period [did] not prejudice any party" and "accordingly w[ould] not be deemed adversely to affect [its] claims.").

5

Memorandum Opinion, HUD has shown its continuing control of the funds subject to the Bank of America garnishment. Accordingly, reconsideration will be denied as to the motion to quash.

B. HUD's Motion to Quash the Writ of Execution

HUD has moved to quash the writ of execution against "HABC's cars, truck, and other non-expendable property acquired with federal funds." ECF No. 52. HUD argues that it owns this non-expendable property, and it cannot be used to satisfy judgments against HABC without HUD's consent. ECF Nos. 52 & 54.

HUD has provided HABC records documenting the source of funds used to acquire this non-expendable personal property. Property with "asset cost account numbers" beginning with 116, 120, or 235 was purchased with HUD funds, which may only be used for HUD's federal purposes. H. Rainbow Lin Aff. ¶¶ 4-7. This property is subject to federal regulations restricting its use and disposition; HUD must approve the disposition of non-expendable personal property and HABC is required to maintain an inventory of the property and share with HUD proceeds from any sale of the property. See 24 C.F.R. §§ 85.32, 85.33.

Goods concedes that this property is not subject to garnishment. See ECF No. 53 at 2-4.[5] HUD has not consented to

---

[5] "[P]roperty purchased with federal grant funds constitutes federal property." Neukirchen v. Wood Cnty. Head Start, Inc., 53 F.3d 809, 811 (7th Cir. 1995). "It is also axiomatic that the doctrine of sovereign immunity prevents a judgment creditor from attaching federal property, absent consent by the United

6

the writ. The writ will be quashed as to all HABC property purchased with HUD funds, and Goods's motion to enforce the writ against all HABC personal property will be denied.[6]

   C.  Goods's Second Motion for Judgment Against
       Bank of America

Goods seeks a judgment of $103,493.03 against garnishee Bank of America. Bank of America has admitted holding this amount in the Expert Pay MD Child Support and Discretionary Income Fund accounts which this Court previously held do not contain federal funds. On March 25, 2011, HABC opposed the motion because it had determined those accounts contain federal funds immune from garnishment. ECF No. 46. HUD has not responded to HABC's position, and will be directed to do so before the Court decides Goods's motion.

   D.  Exercise of Supplemental Jurisdiction

"In addition to granting independent jurisdiction over state-court cases involving federal officers, a § 1442(a)(1) removal to federal court creates ancillary jurisdiction over the

---

States." *Id.* at 812 (*citing Buchanan v. Alexander*, 45 U.S. (4 How) 20, 11 L.Ed. 857 (1846)).

[6] The Court will also deny Goods's request that it order HABC to "provide complete documentation verifying the sources of *all* [its] expendable personal property." ECF No. 54 at 5. HABC does not maintain a consolidated list of this information and it would have "to be pieced together from original purchase orders" in a "time consuming and labor intensive process." ECF No. 54 at 2. As Goods concedes, HABC's expendable personal property is not necessary to satisfy his judgment. *See* ECF No. 53 at 2-4. Requiring HABC to provide this information is not necessary.

non-federal elements of the controversy." *Nikas v. Quinlan*, 29 F.3d 619, 619 n. 1 (1st Cir. 1994). Under 28 U.S.C. § 1367 (c), the Court may decline to exercise its supplemental jurisdiction over those claims if (1) they "raise[] a novel or complex issue of State law," (2) they "substantially predominate[]" over the federal claims, or (3) there are "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367 (c). A state claim "substantially predominates" over the claim that forms the basis of jurisdiction, if that claim "is only an incident or adjunct of the state claim and . . . the state claim is the crux of the action." *Jones v. Baugher*, 689 F. Supp. 2d 825, 834 (W.D. Va. 2010)(quoting *Spaudling v. Mingo Cnty. Bd. of Educ.*, 897 F. Supp. 284, 289 (S.D. W.Va. 1995)).

In the March 2, 2011 Memorandum Opinion, this Court ordered HUD to respond to the writs of execution and garnishment against BB&T Bank because it was unclear whether supplemental jurisdiction should be exercised over those writs. On April 1, 2011, HUD responded that it has no interest in the BB&T writ; accordingly, that writ will be remanded to the Circuit Court for Baltimore City. ECF No. 50.

Goods's writs of garnishment are all "incident or adjunct" to his initial tort claim against HABC. *Baugher*, 689 F. Supp. 2d at 834. That tort claim "is the crux of the action." *Id.* There is no reason to maintain here a writ of garnishment to

8

enforce a state court judgment against a local government entity, in which HUD has expressly denied an interest. This case is one of several state court damages awards to former HABC tenants for lead paint injuries. The suits expose HABC to over $10 million in uninsured tort liability. *See* ECF No. 25. The BB&T writ, which HABC contends will substantially interfere with its functions, should be handled by the state courts and will be remanded.[7]

III. Conclusion

For the reasons stated above, Goods's motion for reconsideration, and to enforce the writ of execution against the HABC's personal property will be denied. HUD's motion to quash the writ of execution will be granted, and the writ of garnishment against BB&T Bank will be remanded to the Circuit Court for Baltimore City. Goods's unopposed motion to withdraw his first motion for judgment against Bank of America will also be granted.

_____8/17/11_____  _____/s/_____
Date                 William D. Quarles, Jr.
                     United States District Judge

---

[7] *See Arrington v. City of Raleigh*, 369 Fed. Appx. 420, 423 (4th Cir. 2010) (district court should have *sua sponte* remanded remaining claims to state court when the issues were "important and potentially far-reaching issues of state law").

9